UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY R. PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 2:22-cv-00860-JHE |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION[1]

## I. Introduction

On July 12, 2022, previously named defendant Dr. Andrew Posey removed this action from the Circuit Court of Jefferson County, Alabama (Civil Action No. 68-CV-2021-000057.00. (Doc. 1 at 1). Dr. Posey then moved to substitute the United States as the Defendant (doc. 3) and to dismiss Phillips's claims based on her failure to exhaust administrative remedies. (doc. 4). The undersigned set a deadline for opposition to these motions to be filed (doc. 5), but nothing was filed.

After obtaining unanimous consent of the parties (doc. 10) and determining the unopposed motion to substitute was well-supported, the undersigned substituted the United States as defendant, dismissing Dr. Posey from this action. (Docs. 3 & 12). The United States' motion to dismiss this civil action (doc. 4) remained pending. By order dated August 12, 2022, the undersigned outlined Plaintiff Phillips' allegations – that she received negligent medical care

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 10).

during the birth of her child and that she continues to suffer complications.  (*See* doc. 1 at 1-2, 7; doc. 13 at 1-2).  The undersigned further explained that the United States was moving to dismiss the action because Plaintiff Phillips had not "exhausted her administrative remedies and that such exhaustion is a jurisdictional prerequisite to this action."  (Doc. 4 at 1).   In response, Plaintiff Phillips filed a document explaining that she "sustained a significant amount of damage" and that her "medical records" support this.  (Doc. 14 at 1).  She also asks to be excused from the administrative requirements because she "may not have follow[ed]-up on certain Administrative Behalfs [sic] only because I'm not a legal attorney."  (*Id.* at 2).  The United States has filed a reply brief in support of its motion.  (Doc. 15).

## II. Analysis

The Federal Tort Claims Act "FTCA" is a specific, congressionally enacted exception to the United States' sovereign immunity for tort claims, under which the government may "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir.1994) (per curiam)).  However, this waiver "must be scrupulously observed, and not expanded, by the courts." *Id.* A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency ... within two years from the time the claim accrues ... accompanied by a claim for money damages in a sum certain." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir.2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). The sum certain requirement of § 2675(a) serves a valuable purpose; it informs the government of the maximum amount of a claim, enabling the government to evaluate whether to settle a claim or proceed to trial. *See Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir.1986).  Before instituting a federal

suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a). Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. *McNeil v. United States*, 508 U.S. 106 (1993).

Plaintiff Phillips concedes she has not filed an administrative claim. (Doc. 14 at 2). Regardless of the injury Plaintiff Phillips alleges she sustained, this Court cannot address her claims when she has not exhausted her administrative remedies. Accordingly, this case is due to be dismissed for lack of jurisdiction.

### III. Conclusion

For the reasons stated above, this Court lacks jurisdiction as to Plaintiff's FTCA claim, and it is due to be dismissed without prejudice.[2]  A separate order will be entered.

DONE this 8th day of September, 2022.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[2] Because this dismissal is without prejudice, Plaintiff Phillips may still be able to pursue her claims through the administrative process.